## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MARLOS M. MOORE, | 3:15-cv-00410-MMD-VPC |
| Plaintiff, | **MINUTES OF THE COURT** |
| vs. | March 1, 2017 |
| SGT. LEWIS, *et al.*, | |
| Defendants. | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is defendants' motion to strike (ECF No. 28) plaintiff's response to defendants' motion for summary judgment (ECF No. 27). Defendants argue that plaintiff's opposition should be stricken because plaintiff failed to attach all exhibits referenced in his opposition. (ECF No. 28 at 2.)

Two separate sources of authority empower this court to strike a motion. First, pursuant to Federal Rules of Civil Procedure, the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions are drastic remedies and, as such, are generally disfavored by federal courts. *Chan v. Pan W. Corp.*, No. 2:10-cv-1317-KJD-PAL, 2011 WL 830237, at *1 (D. Nev. Mar. 4, 2011). The Rule identifies four particular bases for a motion to strike. "Redundant" matters are duplicative and repetitive. "Immaterial" matters are those that have "no bearing on the controversy before the court." *Id.* "Impertinent" matters are those that "are not responsive to the issues that arise in the action . . . ." *Id.* A matter is "scandalous" when it casts a "cruelly derogatory light on a party or other person." *Id.*

Second, the court may strike an improper filing under its "inherent power over the administration of its business." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (inherent powers are tools for "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). Motions to strike under the inherent power, as with Rule

12(f) motions, are wholly discretionary. *See Almy v. Davis*, No. 2:12-cv-00129-JCM-VCF, 2014 WL 773813, at *4-5 (D. Nev. Feb. 25, 2014).

       Having reviewed plaintiff's opposition, the court finds that plaintiff references numerous exhibits that are not attached to his opposition. Accordingly, defendants' motion to strike (ECF No. 28) is **GRANTED**. Plaintiff shall have until March 17, 2017 to either re-file his opposition with all referenced exhibits, or to re-file his opposition and omit reference to any unattached exhibits. Defendants shall reply in the normal course.

       **IT IS SO ORDERED.**

                                          DEBRA KEMPI, CLERK

                                          BY: _____/s/_____
                                                      Deputy Clerk